47243. McTEETER et al. v. AMERICAN SECURITY INSURANCE COMPANY.

Stolz, Judge. This case arose from an automobile collision at the intersection of Piedmont Avenue and Monroe Drive in the City of Atlanta, between an automobile driven by the plaintiff's insured, Carlton W. Lewis, and a pickup truck owned by defendant Ronfra Development Corporation, which was being driven by its agent and employee, H. W. McTeeter. Lewis made a claim against his insurance carrier, American Security Insurance Company, for the damage to his automobile caused by the collision. The insurance company paid the claim to Lewis, who in turn executed two proof of loss documents which contained language giving the insurance company (plaintiff) the right to elect whether it would treat the payment as an assignment or a loan receipt. Subsequently, American Security Insurance Co. filed suit in the Civil Court of Fulton County against the defendants, stating that it was "transferee of Carlton W. Lewis" and that Lewis had "duly executed a proof of loss and *loan receipt* assigning to American Security Insurance Co. his

rights to recover for said negligent action." (Emphasis supplied.) On the trial of the case the jury returned a verdict in favor of the plaintiff insurance company for the amount sued for and judgment was entered thereon.

1. The defendants assign as error the trial court's denial of their motion for directed verdict on the ground that there was no proof that the plaintiff was the assignee of the cause of action and had the right to bring the action in its own name.

At the trial, the plaintiff insurance company introduced in evidence two proof of loss forms containing identical language executed by its insured, Lewis. Each provided, "the said Company may, at its option, elect whether payment is made subject to Paragraph 1 or Paragraph 2 following: . . ."

Paragraph 1 provided for a sale and assignment of any and all claims and demands of the insured to the company. Paragraph 2 provided that the money received by the insured from the insurance company was to be treated as a loan (loan receipt transaction) and contained this provision: "In further consideration of said advance the undersigned hereby appoint(s) the managers and/or agents of the said 'Company' and their successors severally, his, its or their agent(s) and attorney(s)-in-fact with irrevocable power, to collect any such claim or claims, and to *begin, prosecute, compromise or withdraw in his, its or their name,* but at the expense of the said 'Company', *any and all legal proceedings* that said company may deem necessary to enforce such claim or claims." (Emphasis supplied.)

As noted previously, the suit was brought by American Security Insurance Co., transferee of Carlton W. Lewis. This was clearly authorized by the two proof of loss documents admitted into evidence without objection. The trial court did not err in overruling the defendants' motion for directed verdict.

2. The defendants complain of the trial court's charging the jury that Section 18-219 of the City Code of Atlanta was applicable to the defendants as well as to the plaintiff inasmuch as said code section deals with vehicles enter-

ing an intersection without sufficient room to proceed through said intersection.

The collision in question occurred at an intersection. The defendants requested the charge. The court adjusted it to apply to both parties. In so doing, the trial court did not commit reversible error.

3. The defendants make two enumerations of error on the trial court's failure to give their requests to charge Nos. 5 and 7 and to charge on the doctrine of avoidance. As pointed out by the trial judge in respect to request #5, "Son, that's just too complicated for this case. I refuse to give that one," and in respect to request #7, "I think we're making a complicated situation out of something that ought to be simple." The trial judge did instruct the jury that "if the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, then . . . your verdict would be for the defendant." Thus, the court did instruct the jury on the *principle* of avoidance. It did so lucidly, succinctly, and in language the average juror would understand. The trial judge accomplished in one simple sentence all that the law requires. In his Epistles, Pliny the Younger wrote, "In the eloquence of the bar, nothing pleases so much as brevity." We agree. The defendant's 3rd and 4th enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*
Argued May 22, 1972—Decided June 15, 1972.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr., Peter K. Kintz,* for appellants.
*John D. Varnell,* for appellee.